**UNITED STATES of America,
Plaintiff,**

v.

**William CRUZ–CAMACHO, Defendant.**

**Criminal No. 08–310 (FAB).**

United States District Court,
D. Puerto Rico.

Feb. 2, 2010.

**194**

G. Andrew Massucco–Lataif, Olga B. Castellon–Miranda, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

---

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Defendant William Cruz Camacho's ("Cruz") Emergency Ex Parte Motion (Docket No. 2171) (1) alleges that his attorney has a conflict of interest; (2) requests that his attorney be granted leave to withdraw as counsel; (3) requests that he be allowed to withdraw his guilty plea; and (4) requests the appointment of new counsel. Cruz claims he received ineffective counsel because his attorney represents a witness announced by the government in this case. Although Cruz's attorney was unaware at the time of the plea negotiations that her client might become a witness in the case, Cruz argues that his plea agreement was tainted by his attorney's conflict of interest and should thus be "withdrawn without prejudice pending counsel and recommendations of an attorney who is conflict free." (Docket No. 2171.)

The Court **NOTES** Cruz's information regarding the conflict of interest and, for the following reasons, **DENIES** his requests for his counsel's withdrawal, the withdrawal of his plea, and the appointment of new counsel.

## STANDARDS

Cruz claims he is entitled to withdraw his guilty plea because his counsel's assistance was tainted by a conflict of interest stemming from her simultaneous representation of Cruz and a potential government witness in this case. Cruz's motion fails to state or cite procedure governing a defendant's right to withdraw a plea, to state or cite the standards by which a court must determine a conflict of interest, or to state or cite the standards by which a court determines ineffective assistance of counsel. Given the dearth of legal authority in Cruz's motion papers, the Court will conduct its own legal analysis without the benefit of any assistance from the defendant.

Rule 11 of the Federal Rules of Criminal Procedure allows a defendant to withdraw a plea of guilty after the Court accepts the plea, but prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R.CRIM.P. 11(d)(2)(B).

■ The Sixth Amendment protects a defendant's right to effective assistance of counsel. The well-established two-pronged "Strickland" test, set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), governs decisions about ineffective counsel. *See Malone v. Clarke*, 536 F.3d 54, 62 (1st Cir.2008). To be entitled to relief for ineffective counsel under the *Strickland* test, a defendant must show that counsel's performance was deficient and that the deficiency resulted in prejudice. *Id.* at 63

(internal citations omitted.) The First Circuit Court of Appeals requires a defendant to show that "(1) the attorney could have pursued a plausible alternative defense strategy and (2) the alternative trial tactic was inherently in conflict with or not pursued due to the attorney's other loyalties or interests." *Familia–Consoro v. U.S.,* 160 F.3d 761, 764 (1st Cir.1998)(citing *Bucuvalas v. United States,* 98 F.3d 652, 656 (1st Cir.1996)).

Whether an attorney's performance was impermissibly tainted by a conflict of interest is a "mixed question of law and fact" calling for "the application of legal principles to the historical facts of a given case." *Id.* at 764 (internal citations and quotations omitted). If a defendant can show that the conflict actually affected his counsel's representation, no prejudice need be shown to obtain relief. *Cuyler v. Sullivan,* 446 U.S. 335, 349–50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The mere "possibility of conflict is insufficient to impugn a criminal conviction." *Id.* at 350, 100 S.Ct. 1708. Yet, "There can be no doubt that a lawyer who has an actual conflict of interest deprives his client of effective counsel by his attempt to 'serve two masters'." *Familia–Consoro,* 160 F.3d at 764 (citing *Cuyler,* 446 U.S. at 349, 100 S.Ct. 1708 (quoting *Glasser v. United States,* 315 U.S. 60, 75, 62 S.Ct. 457, 86 L.Ed. 680 (1942))). The question the Court now addresses is whether counsel in this case did, in fact, serve two masters to the detriment of defendant Cruz.

## DISCUSSION

Like its dearth of legal authority on relevant standards, Cruz's superficial motion contains no facts supporting his claim that his attorney's performance during his legal proceedings, including his plea negotiations, was impermissibly tainted by a conflict of interest. According to Cruz's motion papers, his counsel was provided with discovery by the government which included the seizure of a small bag of marijuana and a proffer of testimonial evidence that would be used against Cruz during trial. "Pursuant to that proffer, counsel wrote a lengthy letter to the defendant detailing the information obtained during the proffer and recommending that he accept the plea offer extended by the government." (Docket No. 2171 at 2.) Cruz states that his attorney "actively negotiated" on his behalf during plea negotiations and continually recommended that Cruz accept the plea offer as the "best option." *Id.* According to Cruz, his attorney discovered for the first time on January 29 and 31, 2010, that Stivis Taveras ("Taveras") would be a witness in this case. Cruz's attorney is the counsel of record for Taveras and has been since March 8, 2006 pursuant to another criminal proceeding before United States District Judge Jose A. Fuste. These are the only facts Cruz presents to the Court to support his claim that his counsel's assistance was tainted.

The facts Cruz failed to present include the crucial timing of the execution of his plea agreement in relation to the timing of his counsel's discovery of a potential conflict of interest. The Court's examination of the docket quickly revealed, however, that the Court held its proceedings for Cruz's plea agreement on November 10, 2009. (Docket No. 1635.) Cruz's plea agreement and the conviction notification were entered that same day. (Docket Nos. 1636 and 1638.)

Cruz argues that "Dual representation of Mr. Cruz Camacho and of Mr. Taveras, a witness for the prosecution in this case, creates a unsurpassable conflict." (Docket No. 2171 at 3.) Yet the case law offered by Cruz immediately following this claim does not support it; it merely alerts the Court

that the Sixth Amendment protects a defendant's right to counsel throughout all critical stages of criminal proceedings. Cruz cites no case which, applied to the facts of this case, support a showing of an actual conflict of interest, much less an "unsurpassable conflict."

■ To establish a conflict of interest, defendant must point to "specific instances in the record to suggest an actual conflict or impairment of [his] interests." *United States v. Mers,* 701 F.2d 1321, 1328 (11th Cir.), *cert. denied,* 464 U.S. 991, 104 S.Ct. 481, 482, 78 L.Ed.2d 679 (1983) The above facts, together, make clear that no actual violation occurred. Cruz's counsel could not have "served two masters" during any critical stage of Cruz's pleadings in November of 2009 because she did not know that there was any master but Cruz—she did not learn of another client's potential involvement in this case until January 29, 2010. Indeed, Cruz's counsel "actively negotiated with the government on behalf of [Cruz]" during plea negotiations based on the information she knew at the time; counsel's representation of Cruz was not tainted by information she did not know. Likewise, Cruz's counsel's assistance could not have been tainted by a conflict that counsel did not know existed.

A similar situation arose in a case before the Sixth Circuit Court of Appeals in which a defendant's counsel represented both the defendant and a witness against the defendant. In that case, *U.S. v. Hopkins,* 43 F.3d 1116 (6th Cir.1995), the defendant's counsel negotiated a plea agreement for the defendant. Unbeknownst to the defendant's counsel, another client of defendant's counsel was cooperating with the government, providing information to the government regarding the defendant. The defendant argued that his counsel's representation of the cooperating witness prevented him (the defendant) from mak-

ing an informed plea decision "because he was unaware that [the witness's] testimony strengthened the government's case." Because defense counsel was unaware of that testimony, however, he was unable to inform defendant and therefore the defendant was not harmed by his counsel's relationship with the witness. The Court in that case held that a conflict is "hypothetical" where "the attorney does not in fact know of the conflict from the dual representation," and concluded that the defendant's decision not to accept the plea "was unrelated to the dual representation." *Hopkins,* 43 F.3d at 1119.

The facts of this case show an equally hypothetical conflict. It is an attorney's knowledge of a conflict of interest and the actions taken by the attorney as a result of that knowledge that matter. Here, defendant's counsel did not know that her client in another proceeding would surface as a potential witness for the government in this case. Cruz therefore entered into his plea agreement based on the advice of counsel who in turn based her advice to him on the information she knew at the time. No fair or just reason pursuant to Rule 11 justifies allowing Cruz to withdraw what appears to be a thoughtfully entered plea agreement. Like the court in *Hopkins,* this Court finds that the defendant's plea was not influenced by a conflict of interest. The Court accordingly **DENIES** Cruz's motion to withdraw his plea. Because Cruz will not be going to trial, his counsel's representation of a potential government witness in that trial also does not require a remedy. Cruz's requests to allow his counsel's withdrawal and to appoint new counsel are therefore also **DENIED.**

**IT IS SO ORDERED.**